IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ORLANDO LARRY,

    Petitioner,

v.

BRIAN HAYES,

    Respondent.

ORDER

17-cv-163-wmc

Petitioner Orlando Larry has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, in which he asks this court to review the Wisconsin Supreme Court decision denying his petition for writ of certiorari challenging his probation revocation. *Larry v. State of Wisconsin*, Case No. 2015AP2453 (Wis. Feb. 13, 2017). Larry has paid the $5 filing fee, and his petition is before this court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. If the petition is not dismissed, then the court orders respondent to answer or otherwise respond to the petition.

Habeas relief is warranted only if a petitioner shows he is being held "in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). To obtain habeas relief in a case in which a state court has adjudicated the merits of the a claim, a petitioner must explain why the state court decision either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the Untied States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Here, I cannot determine whether Larry may have a viable claim for relief under § 2254, because Larry's "petition" consists of only one sentence. He asks this court to review a decision by the Wisconsin Supreme Court, but he fails identify any basis for review. In light of the petition's obvious deficiencies, the court will take no action on it at this time. Instead, I am directing the clerk to enclose with this order one of the court's standard § 2254 forms and ordering Larry to complete it to the best of his ability. Once he has done so and returned it to the court, the court will consider the form petition along with the petition already on file to determine whether to order the state to respond to it.

ORDER

IT IS ORDERED that petitioner Orlando Larry has until July 19, 2017, within which to complete and return a copy of this court's standard petition under 28 U.S.C. § 2254. The clerk is directed to mail a blank § 2254 form to Larry with a copy of this order. If Larry fails to respond by July 19, this case will be forwarded to the presiding judge for dismissal.

Entered this 28th day of June, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge